IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3017-BO

| | |
|---|---|
| ANTHONY WRIGHT,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    O R D E R |
| | ) |
| SHERIFF JERRY MONETTE, et al.,<br>    Defendants. | )<br>) |

Plaintiff, a North Carolina state inmate, brought this action pursuant to 42 U.S.C. § 1983. On October 31, 2011, after review by this court, the matter was allowed to proceed. 28 U.S.C. § 1983 and D.E. 7. On March 30, 2012, defendants filed a motion to dismiss based in part on plaintiff's failure to exhaust [D.E. 18]. Plaintiff filed a response [D.E. 25] to the motion, as well as filing a motion to appoint counsel [D.E. 21]. Each of these pending motions are ripe for determination.

While the complaint is somewhat difficult to follow, the court finds the allegations to be as follows: 1) plaintiff was not allowed to receive any reading materials through the mail, such as newspapers, magazines, or books from a publisher (Compl., § IV and see March 24, 2011, amendment); 2) plaintiff was not allowed to watch television, and that the facility does not have a television in a non-isolation area (Id.); 3) plaintiff, a Rastafarian, alleges that he was "forced to church" three times a week and yet had no access to reading materials related to his faith (Id.); and 4) plaintiff was not provided disciplinary procedures and thus his due process was violated. (Id.)

Because the court has considered matters outside of the pleadings, the motion shall be considered as one for summary judgment, Fed. R. Civ. P. 12(d), and plaintiff was so notified

[D.E. 26]. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

The court thus turns to dismissal based on the failure to exhaust. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner,

2

532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

The Craven County Detention Center has an administrative remedy procedure in which to file grievances. (D.E. 19, Mem. in Supp., Aff. Scott, ¶ 3; Aff. Monette, ¶ 3; Aff Standifer, ¶ 3; Aff. Arthur, ¶ 3; Aff. Potter, ¶ 3.) The administrative remedy process is "available to all inmates at the Craven County Detention Center to address grievances, regardless of inmate housing assignment, inmate classification, disciplinary status, level of education, reading ability, or native language." Id. At the time in question, all inmates in the custody of the Craven County Detention Center were provided a copy of the Detention Center rules and regulations in the Craven County Judicial Center Inmate Rules pamphlet. (Id. at Aff. Scott, ¶ 4, and Ex. 1 to Aff. Scott.) The pamphlet contained information about grievances. (Aff. Scott, ¶ 5, and Ex. 1 to Aff. Scott.) Inmates were encouraged to put their grievances in writing and regularly provided grievance forms. (Aff. Scott, ¶ 5 and ¶ 7, and Ex. 1 to Aff. Scott.) Sergeant Scott was responsible for answering grievances, a responsibility which was delegated to him by Captain Potter. (Id. at ¶¶

3

8-9.) Inmates were also informed during booking and during their stay that if they were dissatisfied with a response they received to any grievance, they could file a second grievance or write a letter to any of the jail administrators (who are the individual defendants in this case), in appeal from the response to the original grievance. (Aff. Scott, ¶¶ 10-11; Aff. Monette, ¶ 4; Aff. Standifer, ¶ 4; Aff. Arthur, ¶ 4; Aff. Potter, ¶ 4.) In fact, plaintiff had filed several grievances. (See Ex. 2-7 to Aff. Scott.)

Although plaintiff filed a total of six written grievances during his time at the Craven County Detention Center, plaintiff did not file any grievances about his Rastafarian beliefs, having to listen to ministers on his cell block, or lack of access to religious reading materials in particular. (Aff. Scott, ¶¶ 15-16.) Plaintiff did not grieve about any "religion-related complaints." (Aff. Scott, ¶¶ 17-18; Aff. Monette, ¶ 6; Aff. Standifer, ¶ 6; Aff. Arthur, ¶ 6; Aff. Potter, ¶ 6.) Thus, plaintiff did not exhaust his administrative remedies as to his freedom of religion claim.

Plaintiff did file a grievance regarding reading materials on October 5, 2010, and he requested and received a written response to this grievance from Sergeant Scott. (Aff. Scott, ¶ 15, and Ex. 2 to Aff. Scott.) However, there is no record of plaintiff filing a second grievance or writing to any jail administrator appealing the written response he received, thus he did not appeal. (Aff. Scott, ¶¶ 15, 17, 18, 20; Aff. Monette, ¶ 6; Aff. Standifer, ¶ 6; Aff. Arthur, ¶ 6; Aff. Potter, ¶ 6.) .Likewise, plaintiff did not exhaust his administrative remedies relating to his due process claim. Plaintiff filed a grievance about being locked down on November 17, 2010, and he requested and received a written response to this grievance from Sergeant Scott. (Aff. Scott, ¶¶ 15, 19, and Ex. 5 to Aff. Scott.) Again, however, there is no record of a second grievance or writing to any jail administrator appealing the written response he received. (Aff. Scott, ¶¶ 15, 17, 18, 20; Aff. Monette, ¶ 6; Aff. Standifer, ¶ 6; Aff. Arthur, ¶ 6; Aff. Potter, ¶ 6.) Therefore,

4

Plaintiff did not exhaust his administrative remedies as to his claim regarding access to reading material or rights to due process within disciplinary procedures.

Lastly, plaintiff has no constitutionally protected right to watch television. See Murphy v. Walker, 51 F.3d 714, 718 n.8 (7th Cir. 1995) (finding "no support in the case law" for claim that denial of television amounts to constitutional violation); Walker v. Whitehorn, 2011 U.S. Dist. LEXIS 97313, *16 (W.D. La. 2011) ("Prisoners have no constitutional right to watch television because watching television is not one of life's necessities nor is it a basic human need."); White v. Jones, 2010 U.S. Dist. LEXIS 87958, *2-4 (E.D. Va. 2010) (dismissing plaintiff's claim that his cell lacked television because such claim did not rise to level of constitutional violation); Lovern v. Cox, 374 F. Supp. 32, 34 (W.D. Va. 1974); Dede v. Baker, 1994 U.S. App. LEXIS 11750, *4 (6th Cir. May 18, 1994) (unpublished); Roberts v. Glanz, 1996 U.S. App. LEXIS 33973, *19 (10th Cir. Dec. 31, 1996) (unpublished) (stating that denial of television does not violate plaintiff's constitutional rights).

For the above stated reasons, defendants' motion, construed as one for summary judgment, [D.E. 18] is GRANTED and the case is DISMISSED. Having so determined, all other pending motions [21] are DENIED as MOOT. The Clerk is DIRECTED to close the case. The dismissal is WITHOUT PREJUDICE.

SO ORDERED, this the 4 day of December 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE